IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**Fred Albert Bartholomew**
   **Petitioner**                                 :

   vs.                                      :    C.A. No. 05-0060 ERIE

**Joseph Desuta**
          **Respondents**                   :

## DISTRICT ATTORNEY'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

AND NOW this 24th day of August, 2005, comes the Commonwealth of Pennsylvania, by Paula C. DiGiacomo, Esq., First Assistant District Attorney of Crawford County, Pennsylvania, and files the following answer to the Petitioner's Petition for Writ of Habeas Corpus and answers the Petition as follows:

1. The Commonwealth, denies each and every allegation of fact alleged by the Petitioner in the Petition except those facts specifically admitted herein.

2. The Commonwealth alleges abuse of the writ by Petitioner as this is a second petition for writ of habeas corpus alleging the same claim that was already raised in the previous habeas petition filed at C.A.No. 00-342 on November 17, 2000. Said petition was dismissed and a certificate of appealability was denied on November 22, 2002. Respondent's R.R. 24. Habeas Rule 9(b); 28 U.S.C. §2254.

3. On August 7, 1991, the Petitioner was arrested by the State Police and charged with 2 counts of Statutory Rape, 18 Pa. C.S.A. §3122; 2 counts of Involuntary Deviate Sexual Intercourse, 18 Pa. C.S.A. §3123(5); 2 counts of Aggravated Indecent Assault, 18 Pa.C.S.A. §3125(6); 3 counts of Corruption of Minors, 18 Pa. C.S.A. §6301(a); 2 counts of Indecent Assault, 18 Pa. C.S.A. §3126(6); and 1 count of Statutory Rape, 18 Pa. C.S.A. §3122.

4. On November 4, 1991, the Petitioner entered a plea of guilty to one count of Involuntary Deviate Sexual Intercourse and one count of Statutory Rape.

5. On December 5, 1991, the Petitioner filed a Motion to Continue Sentencing, which was continued from December 17, 1991 to December 19, 1991.

6. On December 19, 1991, the Petitioner filed a Motion to Withdraw Plea of Guilty, Appointment of New Counsel and Motion for Judicial Recusal. Said motion was denied on December 19, 1991.

7. The Petitioner was sentenced on January 7, 1992, to a minimum term of five (5) years and a maximum term of fifteen (15) years on his plea of guilty to Count 2 – Involuntary Deviate Sexual Intercourse, and to a minimum term of two (2) years and a maximum term of five (5) years on his plea of guilty to Count 7 – Statutory Rape. These sentences were aggregated to a

minimum term of seven (7) years and a maximum term of twenty (20) years, all to be computed from August 7, 1991.

8. A Motion for Reconsideration of Sentence was filed on January 8, 1992. On January 16, 1992, the sentence was vacated and sentence was re-imposed to a minimum term of five (5) years and a maximum term of fifteen (15) years on his plea of guilty to Count 2 – Involuntary Deviate Sexual Intercourse, and to a minimum term of one (1) year and a maximum term of five (5) years on his plea of guilty to Count 7 – Statutory Rape. These sentences were aggregated to a minimum term of six (6) years and a maximum term of twenty (20) years, all to be computed from August 7, 1991.

9. The Petitioner filed a Motion for Post Conviction Collateral Relief and the court ordered on April 13, 1994, that the Petitioner was entitled to counsel and was given sixty (60) days to file an amended petition. An amended Petition was filed on June 13, 1994. The issue raised in the Post Conviction Petition regarded the legality and discretionary aspect of sentence.

10. An Evidentiary Hearing was scheduled for August 17, 1994. Petitioner filed a Motion to Continue and the Evidentiary Hearing was continued to September 28, 1994. On November 21, 1994, the Petitioner's Petition for Post-Conviction Relief was denied.

11. On December 19, 1994, the Petitioner filed a Notice of Appeal to the Superior Court, and on June 7, 1995, the Superior Court affirmed the judgment of the Court of Common Pleas of Crawford County. Again, the issue on appeal regarded the legality and/or discretionary aspects of sentence.

12. The Petitioner filed a Petition for Allowance of Appeal to the Supreme Court, which was denied on October 11, 1995.

13. The Petitioner filed a "Petition for Modification of Sentence Due to Illness". On August 30, 1999, the Court of Common Pleas denied said Petition.

14. On August 30, 1999, the Petitioner filed a Notice of Appeal to the Superior Court. The Commonwealth filed a Motion to Dismiss for Failure to Timely File Brief on February 17, 2000, which was granted on March 10, 2000 by the Superior Court.

15. On November 17, 2000, Petitioner filed his First Petition for Writ of Habeas Corpus with the Clerk of Court of the United States District Court for the Western District of Pennsylvania.

16. In his First Petition for Writ of Habeas Corpus the Petitioner alleged that the ground upon which he is being held unlawfully is that he has served his minimum sentence but has not been paroled. Essentially Petitioner is claiming a wrongful denial of parole.

17. The issue Petitioner seeks to raise in this Federal District Court has not been fairly presented to any state court for consideration either on direct appeal or in a post-conviction petition. 28 U.S.C. §2254(b).

18. Petitioner has failed to meet his burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d.Cir. 1989).

2

19.    Pursuant to 28 U.S.C. §2244 Finality of Determination(d)(1)(A), it appears that Petitioner's instant Petition for Writ of Habeas Corpus is also time barred, in that judgment became final on October 11, 1995 when the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal. As a result, the one-year statute of limitations expired on April 24, 1997 as Petitioner's conviction became final before April 24, 1996.

20.    This Petition was filed with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania on June 2, 2005, and is therefore time-barred.

21.    Assuming arguendo that the instant Petition is not time-barred and is not a successive petition and Petitioner has exhausted all of his state remedies, it is the Commonwealth's position that his allegations are meritless and Petitioner is not entitled to Habeas Corpus Relief.

22.    The Commonwealth is not is possession of any further documents or briefs other than that contained in it's reproduced record nor does the Commonwealth have access to said documents or briefs. It is believed and therefore averred that any documents or briefs were previously submitted to this Court at C.A.No. 00-342.

23.    All known transcripts of hearings held pretrial, trial, sentencing and post conviction proceedings in the possession of the Commonwealth have been incorporated into Respondent's Reproduced Record in this matter. The Commonwealth is unaware of any proceedings that were recorded but not transcribed. The Commonwealth believes that all of the transcripts relating to the testimony of both pretrial, trial and post conviction relief act proceeding are relevant and incorporates by reference any transcripts submitted at C.A.No. 00-342 to this Answer.

24.    The Commonwealth addressed the issues raised by Petitioner in it's brief which is contained in item # 23 of Respondent's Reproduced Record.

Wherefore, based on the foregoing, the Commonwealth respectfully requests this Honorable Court dismiss the Petition for Writ of Habeas Corpus and deny a Certificate of Appealability in the above captioned case.

Respectfully submitted,

*/s/ Paula C. DiGiacomo*

PAULA C. DIGIACOMO, ESQ.
First Assistant District Attorney



## OFFICE OF THE DISTRICT ATTORNEY
CRAWFORD COUNTY COURT HOUSE
MEADVILLE, PENNSYLVANIA 16335-2696
(814) 333-7455

August 24, 2005

FRANCIS J. SCHULTZ
District Attorney

PAULA C. DIGIACOMO
First Assistant District Attorney

DOUGLAS W. FERGUSON
ROBERT J. FELTON
ROGER M. BAUER
NOAH A. ERDE
PAUL A. BARKUS
Assistant District Attorneys

United States District Court
PO Box 1820
Erie, PA 16507

RE: Fred Bartholomew v. DeSuta, et al
C.A. No.: 05-0060 ERIE

Dear District Court:

Enclosed is a hard copy and disk of the Respondent's Answer to Petition and reproduced record in the above captioned case along with a Proof of Service.

Sincerely,

_Paula DiGiacomo_
PAULA C. DIGIACOMO, ESQ.
First Assistant District Attorney

PCD/ml
Enclosures
Cc:   Tracey M. McCullough
      Francis R. Filipi
      Joseph F. Desuta
      Fred Bartholomew

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Fred Albert Bartholomew,
    Petitioner                    :

   Vs.                            :       C.A. No. 05-60 Erie

Joseph F. Desuta,
    Respondent                  :

## PROOF OF SERVICE

      I hereby certify that I am serving the foregoing document upon the person and in the manner indicated below, which service satisfies the requirements of Pa.R.A.P. 121.

United States Mail

| | |
|---|---|
| United States District Court<br>PO Box 1820<br>Erie, PA  16507 | Fred Albert Bartholomew #BT-2417<br>SRCF Mercer<br>801 Butler Pike<br>Mercer, PA  16137 |
| Tracey M. McCullough<br>Governor's Office of General Counsel<br>55 Utley Drive<br>Camp Hill, PA  17011 | Joseph F. Desuta, Superintendent<br>SRCF Mercer<br>801 Butler Pike<br>Mercer, PA  16137 |
| Francis R. Filipi<br>Litigation Section<br>15th Floor, Strawberry Square<br>Harrisburg, PA  17120 | |

Date: August 24, 2005

                                               _/s/ Paula DiGiacomo_
                                               PAULA C. DIGIACOMO, ESQ.
                                               First Assistant District Attorney
                                               Attorney for Respondent
                                               Crawford County Courthouse
                                               Meadville, PA  16335
                                               Telephone:  (814) 333-7455
                                               Attorney No. 69743