**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRED ALBERT BARTHOLOMEW,   } | |
| } | |
| Petitioner,   } | |
| }  | No. 05-60 Erie |
| vs.   } | Judge McLaughlin |
| } | Magistrate Judge Baxter |
| JOSEPH F. DESUTA, Superintendent; et al.,   } | |
| } | |
| Respondents.   } | **Electronically Filed** |

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

AND NOW, come the Respondents, Joseph F. Desuta, the Pennsylvania Board of Probation and Parole, and the Attorney General of the State of Pennsylvania, by their attorneys, Thomas W. Corbett, Jr., Attorney General, Scott A. Bradley, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and submit the following answer to the instant petition for writ of habeas corpus:

1. Petitioner, Fred Albert Bartholomew, BT-2417 ("Bartholomew"), is an inmate committed to the custody of the Pennsylvania Department of Corrections ("DOC") and is currently housed at the State Regional Correctional Facility at Mercer ("SRCF-Mercer"). Bartholomew brings this Petition for Writ of Habeas Corpus (hereinafter "Petition") pursuant to 28 U.S.C. § 2254 and is challenging the serial refusals by the Pennsylvania Board of Probation and Parole (hereinafter "the Board") to grant him parole.

2. Bartholomew was convicted of, *inter alia*, Involuntary Deviate Sexual Intercourse and Statutory Rape for the 1991 molestations of his granddaughter and another child. These convictions were entered at No. 636-1991 in the Court of Common Pleas of Crawford County, Pennsylvania. As a result, Bartholomew was sentenced to an

aggregate term of imprisonment of not less than six nor more than twenty years.  See Exhibits 1.  Sentence was imposed on January 16, 1992; however, because Bartholomew was given credit for pretrial commitment, the sentence had an effective date of August 9, 1991.  Consequently, the minimum term was set at August 9, 1997, and the maximum term at August 9, 2011.  See Exhibit 1.

      3.  Bartholomew's initial request for parole upon expiration of his minimum sentence on August 9, 1997, was refused by the Board by decision entered on June 18, 1998.  See Exhibit 2.  By respective Board Actions dated July 30, 1999, August 23, 2000, May 23, 2001, May 21, 2002, and October 17, 2003, Bartholomew was refused parole by the Board and, therefore, he remains in the custody of the Department of Corrections at SRCF-Mercer.[1]  See Exhibit 2.

      4.  In the petition, Bartholomew relies upon Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2002), to support his contention that these denials violated his Constitutional rights under the Ex Post Facto Clause because they were allegedly done by the Board in reliance upon the 1996 amendments to the Parole Act, even though the sentence to which they related was imposed on Bartholomew in 1992.  (See Petition).

      5.  In other words, Bartholomew's only legal basis for presently seeking habeas corpus relief is that the 1996 amendments to the parole statute were repeatedly utilized by the Board to deny Bartholomew parole, and in effect, impose an unlawful ex post facto enhancement to his criminal penalty.

---

[1] Bartholomew has been again considered for parole since the filing of the instant petition; however, the Board refused parole by Board Action dated August 16, 2005. See Exhibit 3.  His maximum date remains August 9, 2011.  Id.

6. Bartholomew therefore fails to state a cognizable claim for habeas corpus relief for two reasons: (1) Bartholomew's claims must be raised as a civil action pursuant to 42 U.S.C. § 1983; and (2) Bartholomew's ex post facto claim is substantively without merit.

7. First, Bartholomew's claims must be raised as a Section 1983 action, rather than in a petition for writ for habeas corpus, because of the United States Supreme Court's recent decision in Wilkinson v. Dotson, ___ U.S. ___, 125 S.Ct. 1242 (2005).

8. In Dotson, an Ohio prisoner, brought a Section 1983 action attacking the result of the application of the 1998 Ohio guidelines to his pre-guidelines sentence, arguing that the ex post facto application of the new guidelines had worked to deny him parole.

9. The Court noted that "[s]uccess for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most a new (parole) eligibility review, which at most will speed consideration of a new parole application." Dotson, 125 S.Ct. at 1248 (emphasis in original).

10. Accordingly, the Court held, by a 7 to 2 vote, that Dotson had properly brought his claims under Section 1983, rather than as a petition for writ of habeas corpus. See Dotson, *supra*.

11. By reaching this conclusion, the Court held that the rule in Preiser v. Rodriguez, 411 U.S. 475 (1973)(i.e., that challenges to the fact and duration of confinement cannot be brought as Section 1983 actions) did not apply where success in the action would not lead to immediate release.

12. Speaking directly to this point, Justice Scalia wrote in a separate concurring opinion in Dotson that "the validly sentenced prisoner who shows only that the State made a procedural error in denying, discretionary parole has not established a right to release, and so cannot obtain habeas relief –conditional or otherwise." Dotson, 125 S.Ct. at 1251.

13. Thus, an action, such as the instant one, that does not and cannot seek immediate release from confinement must be brought under Section 1983.

14. Bartholomew has improperly raised the instant claims in the form of a Petition for Writ of Habeas Corpus, and the petition should therefore be denied.

15. The second reason why Bartholomew has failed to state a cognizable claim for habeas corpus relief is that his ex post facto claim is substantively without merit.

16. Bartholomew argues that the Board violated the Ex Post Facto Clause, in light of the Third Circuit opinion in Mickens-Thomas, by unlawfully denying his parole based on the "safety of the public" and "fair administration of justice." (See Petition, generally). See also Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003)). Bartholomew is mistaken in this assertion for several reasons.

17. First, the facts in Mickens-Thomas are distinguishable from the instant case in that the petitioner in Mickens-Thomas argued the retroactive application of a substantive change in the Board's regulations, rather than a general policy change, as argued here. Specifically, Thomas challenged the application of 61 P.S. § 331.34a, which is a substantive law setting forth the rules for paroling an individual whose life

4

sentence has been commuted. See Mickens-Thomas, 217 F.Supp.2d 570, 575 (E.D.Pa. 2002); 61 P.S. §331.34a.

18. Here, Bartholomew asserts that the duration of his sentence was extended due to the retroactive application of public policy language contained in 61 P.S. §331.1 et seq. (See Petition, at ¶13(a)). Entitled "Public Policy as to Parole," Section 331.1, unlike the provision challenged in Mickens-Thomas, is not substantive, it is merely a preamble to the chapter of substantive regulations that follow –simply announcing the objectives of the Board to "first and foremost seek to protect the safety of the public." See 61 P.S. § 331.1. This important distinction makes the rule in Mickens-Thomas inapplicable to the instant case.

19. Second, Pennsylvania state courts have interpreted the 1996 Parole Act amendments differently, and federal courts are "bound by a state's interpretation of its own statute." Gatner v. Louisiana, 368 U.S. 157, 166 (1961). In Winklespecht v. Pa. Bd. of Probation and Parole, 813 A.2d 668 (Pa. 2002), the Pennsylvania Supreme Court found that the 1996 amendments to the Parole Act did not constitute a change in law so as to give rise to the implications of the Ex Post Facto Clause. The Winklespecht court established that the 1996 statutory amendments were not intended to be viewed as materially altering the Board's historical approach to granting or denying paroles with regard to the factors to be considered, nor to place overwhelming weight on the consideration of public safety. This renders Mickens-Thomas an anomaly.

20. In the instant case, nothing listed as determining factors in the challenged decisions indicates that parole was denied solely on public safety grounds. See Exhibit 2.

5

21. The Board's decision of June 16, 1998, lists successful completion of a treatment program, completion of the DOC prescriptive program, and maintenance of a clear conduct record as determining factors. Id., at p. 1.

22. The Board's decision of July 30, 1999, lists continuing participation in a sex offenders' treatment program, maintenance of favorable DOC recommendation for parole and maintenance of a clear conduct record as determining factors. Id., at p. 2.

23. The Board's August 23, 2000, decision lists participation in and successful completion of a sex offenders' treatment program and receipt of a favorable DOC recommendation for parole as determining factors. Id., at p. 3.

24. The Board's May 23, 2001, decision lists participation in a sex offenders' treatment program, receipt of a favorable DOC recommendation for parole, and maintenance of a clear conduct record as determining factors. Id., at p. 4.

25. Finally, the Board's decisions of November 6, 2002,[2] and October 17, 2003, list participation in a sex offenders' treatment program, completion of the DOC prescriptive programs, maintenance of a favorable DOC recommendation for parole, and maintenance of a clear conduct record as determining factors. Id., at pp. 6-9.

26. Finally, a prima facie ex post facto claim is not made by simple reference to Mickens-Thomas. See Cimaszewski v. Pennsylvania Board of Parole and Probation, 868

---

[2] This decision is referred to by Bartholomew as the May 21, 2002 decision. As demonstrated in the attached record, Bartholomew was notified on May 21, 2002 that the Board would reach a decision regarding his pending parole application after an interview with Bartholomew. (See Exhibit 2, p. 5). An interview followed, and the Board reached its decision, notifying Bartholomew of the result, on November 6, 2002. Id., at pp. 6-7. It was this November 6, 2002 notification that lists the reasons for Bartholomew's parole denial. Id.

6

A.2d 416, 428 (2005); Bivens v. Klem, 2004 U.S.Dist.LEXIS 26161 (2004).  Indeed, as the Third Circuit has recently clarified in light of the Pennsylvania Supreme Court's latest gloss on the ex post facto issue:

> Under Cimaszewski [v. Board of Probation and Parole, 868 A.2nd 416, 426-427 (Pa. 2005)], in order to establish an ex post facto violation, the petitioner must provide 'the requisite evidence that he faces a significant risk of an increase in punishment' by showing that 'under the pre-1996 Parole Act, the Board would likely have paroled the inmate.'  Id.  Cimaszewski held it was not sufficient for a petitioner merely to rely on the same statistics cited in Mickens-Thomas, because the petitioner must establish the effect of the amendments 'when applied to him.'  Id. at 428.

Richardson v. Pennsylvania Board of Probation and Parole, ___ F.3d ___, 2005 WL 2155505, *8 (3d Cir. 2005)(footnote omitted).

    27.  Instantly, Bartholomew has not offered or alleged any evidence to establish an ex post facto violation as a result of the purported application of the Parole Act amendments in his case.  Accordingly, he cannot simply rely on a reference to Mickens-Thomas in support of his request for a new parole hearing.

7

8

WHEREFORE, it is respectfully submitted that the instant petition should be dismissed.

                                                        Respectfully submitted,

                                                        THOMAS W. CORBETT, JR.
                                                        Attorney General

|  |  |
|---|---|
|  |   s/ Scott A. Bradley |
| Office of Attorney General | Scott A. Bradley |
| 6th Floor, Manor Complex | Senior Deputy Attorney General |
| 564 Forbes Avenue | Attorney I.D. No. 44627 |
| Pittsburgh, PA 15219 |  |
| Phone: (412) 565-3586 | Susan J. Forney |
| Fax:   (412) 565-3019 | Chief Deputy Attorney General |

Date: September 16, 2005